JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | CV 15-07514-AB (KSx) | Date: | May 18, 2016 |

Title: *Baudencio Chaidez Garcia v. Orion Plastics Corporation*

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] Order GRANTING Plaintiff's Motion (Dkt. No. 19), DISMISSING Plaintiff's FLSA Claim, and REMANDING Action to State Court

Before the Court is Plaintiff Baudencio Chaidez Garcia's Motion to Dismiss Federal Claim with Prejudice and to Remand Plaintiff's Remaining State Law Claims ("Motion"). Dkt. No. 19. Defendant Orion Plastics Corporation timely filed its Opposition on March 28, 2016, and Plaintiff timely filed his Reply on April 4, 2016. Dkt. Nos. 23-24. On April 14, 2016, the Court found the matter appropriate for resolution without oral argument and took the matter under submission, vacating the hearing on Plaintiff's Motion set for April 18, 2016. Dkt. No. 25. For the following reasons, the Court **GRANTS** Plaintiff's Motion and **REMANDS** this action.

//
//

## I.     BACKGROUND

Plaintiff originally filed this action in state court under California Labor Code section 98.2 ("Section 98.2"), appealing the Labor Commissioner's decision on Plaintiff's claims against Defendant for violations of California employment law.  *See* Not. of Removal, Ex. A ("Notice of Appeal"), Dkt. 1-1; Pl.'s Mot., Ex. 1 ("Labor Commissioner Order"), Dkt. No. 19-1.  Under Section 98.2 and the California Supreme Court's decision in *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094 (2007), a plaintiff may appeal a decision from Labor Commissioner directly to the superior court and receive a trial *de novo* on his claims.  Cal. Labor Code § 98.2(a) ("Within 10 days after service of notice of an order, decision, or award the parties may seek review by filing an appeal to the superior court, where the appeal shall be heard de novo."); *Murphy*, 40 Cal. 4th at 1116-17 ("We have previously held that the section 98.2 proceeding is neither a conventional appeal nor review of the Labor Commissioner's decision, but is rather a de novo trial of the wage dispute.  The trial court 'hears the matter, not as an appellate court, but as a court of original jurisdiction, with full power to hear and determine it as if it had never been before the labor commissioner.'").  Thus, unlike a traditional civil action, Plaintiff initiated this action in state court via a Notice of Appeal, which he filed on September 24, 2014.  Not. of Removal, Ex. A ("Notice of Appeal"), Dkt. 1-1.

The court in *Murphy* further recognized that a plaintiff appealing a Labor Commissioner decision to the trial court may allege additional related claims that were not previously raised before the Commissioner.  *See Murphy*, 40 Cal. 4th at 1118-20 ("As the Court of Appeal here acknowledged, Murphy could have filed a separate civil complaint raising the additional wage claims, at which point the trial court could have consolidated the civil action with the de novo proceeding and considered all of the claims together. . . . [W]e hold that the Court of Appeal erred in construing section 98.2 to preclude the trial court from permitting Murphy to raise additional related wage claims in the de novo trial.").  Accordingly, on September 15, 2015, Plaintiff filed a Notice of Claims in the state court action alleging at least one additional claim not raised before the Commissioner for violation of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.  Not. of Removal, Ex. B ("Notice of Claims"), Dkt. No. 1-2.

In light of Plaintiff's addition of a federal claim to his state action, on September 24, 2015, Defendant removed this action to federal court on the basis of federal question jurisdiction.  Not. of Removal ¶¶ 2-5; *see also* 28 U.S.C. §§ 1331, 1367, 1441(a).  Defendant then filed an Answer to Plaintiff's Notice of Claims on November 3, 2015.  Dkt. No. 9.

On January 20, 2016, the Court issued its Scheduling Order in this action, setting the deadline for the parties to amend pleadings as March 7, 2016. Dkt. No. 17. On March 18, 2016, Plaintiff filed the instant Motion seeking dismissal of his FLSA claim with prejudice and remand of this action to state court. Dkt. No. 19.

## II.  DISCUSSION

### A.  Dismissal of Plaintiff's FLSA Claim

Plaintiff seeks to voluntarily dismiss his own claim after expiration of the Court's deadline to amend pleadings.[1] As an initial matter, Plaintiff suggests (without citation to authority) that his Motion was not untimely because his Notice of Claims is not a traditional "pleading" that required a response from Defendants or that falls under the Court's deadline for amending pleadings. Mot. at 6. This argument contradicts Rule 81(c) of Federal Rules of Civil Procedure, however, which provides that "[t]hese rules

---

[1] Though not raised by the parties, the nature of Plaintiff's action raises a question as to whether it was properly removed in the first place. "Only state court actions that could originally have been filed in federal court may be removed." *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 950 (C.D. Cal. 2014) (citing 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). At least one California district court has suggested that because Section 98.2 requires that "any appeal from a decision by the Labor Commissioner must be filed in state court," a state court action based on Section 98.2 is not removable because such an action could not have been brought in federal court originally. *de la Chapelle v. PDI, Inc.*, No. C 12-2667 MEJ, 2012 WL 3026413, at *1 n.1 (N.D. Cal. July 24, 2012). In a similar context, however, addressing whether a federal court had diversity jurisdiction over a Montana Human Rights Commission appeal brought under state law, the Ninth Circuit recognized that "the states have no power directly to enlarge or contract federal jurisdiction" and that, as a result, even though under state law, the plaintiff was required to bring its appeal of the Commission's decision in state court, "[a] state cannot confer rights upon private parties and require that litigation between those parties must be confined to the courts of the state itself." *BNSF Ry. Co. v. O'Dea*, 572 F.3d 785, 789 (9th Cir. 2009). The court thus concluded that the district court could assert diversity jurisdiction over the plaintiff's action notwithstanding the state law indicating that the underlying appeal could only be initiated in state court. *Id.*; *see also U.S. Fid. & Guar. Co. v. Lee Investments LLC,* 641 F.3d 1126, 1132-33 (9th Cir. 2011) ("[T]he Employer claims that the district court lacked subject matter jurisdiction because California law vests the State Board alone with jurisdiction to entertain the Insurer's claims. However, in *Begay v. Kerr–McGee Corp.*, 682 F.2d 1311 (9th Cir. 1982), we rejected the argument that exclusivity provisions in state workers' compensation laws, like those in California's Workers' Compensation Act, could divest federal courts of subject matter jurisdiction: '[S]tate law may not control or limit the diversity jurisdiction of the federal courts . . . .'"). Applying this same logic here, combined with the holding in *Murphy*, 40 Cal. 4th at 1116-17 (allowing a plaintiff to join additional related claims with an appeal of the Commissioner's decision), the Court concludes that Plaintiff's action was removable and the Court may exercise subject matter jurisdiction over Plaintiff's claims to the extent allowed under 28 U.S.C. § 1331, 28 U.S. § 1367, and 28 U.S.C. § 1441(a).

apply to a civil action after it is removed from a state court" and that "[a]fter removal, repleading is unnecessary unless the court orders it.  A defendant who did not answer before removal must answer or present other defenses or objections under these rules . . . ." Fed. R. Civ. Proc. 81(c).  Rule 81(c) indicates that, even if Plaintiff's state action pleading was not styled as a complaint, Defendant was required to answer or present other defenses or objections to Plaintiff's pleading after removal.  And though the Court did not require Plaintiff to replead his action after removal, there is no indication in Rule 81 or elsewhere in the rules that Plaintiff's Notice of Claims should be treated as anything other than a complaint that required an answer and that fell under the Court's deadline for amendments. *Id.*; *see also* Fed. R. Civ. Proc. 7(a) ("Only these pleadings are allowed: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer.").  Consequently, under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, Plaintiff's time to amend his Notice of Claims as a matter of right expired 21 days after Defendant filed its Answer, and Plaintiff's deadline to amend his Notice of Claims under the Court's Scheduling Order expired March 7, 2016.  Plaintiff's Motion, filed March 18, 2016, was thus untimely.

And because Plaintiff's Motion was untimely, although the parties focus on the factor analysis for leave to amend under Rule 15(a)(2) (*see* Mot. at 6-7; Opp. at 3; Reply at 3-4), the Court need not reach this question.  Rather, under *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992), before reaching whether Plaintiff may be granted leave to amend under Rule 15(a)(2), the Court must first examine whether Plaintiff has demonstrated good cause to seek leave to amend after expiration of the deadline in the Court's Scheduling Order.  *See Johnson*, 975 F.2d at 608-09; *see also* Fed. R. Civ. Proc. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").  "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  *Johnson*, 975 F.2d at 609.  Applying this standard, Plaintiff has failed to demonstrate any such diligence, instead arguing only that his delay was short and has not prejudiced Defendant.  *See* Mot. at 6-7; Reply at 3-4.  Thus, upon a straight application of the federal rules, the Court has no grounds to grant Plaintiff leave to amend.

Nonetheless, this case presents a unique circumstance where Defendant is seeking to use Rule 15 as a sword to force Plaintiff to prosecute a claim that Plaintiff no longer wishes to pursue.  Neither the federal rules nor applicable cases within the Ninth Circuit indicate that such a use is appropriate.  Rather, although "[a] plaintiff may not use Rule 41(a)(1)(i) [of the Federal Rules of Civil Procedure] to dismiss, unilaterally, a single claim from a

multi-claim complaint," (*Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (9th Cir. 1988)), a plaintiff's voluntary dismissal of a single claim is subject to Rule 15 rather than Rule 41 only as a technical matter. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he fact that a voluntary dismissal of a claim under Rule 41(a) is properly labeled an amendment under Rule 15 is a technical, not a substantive, distinction.") (quotations omitted); *see also, e.g., Metcalf v. Countrywide Fin. Corp.,* No. C-09-2707 EDL, 2009 WL 2485750, at *1 (N.D. Cal. Aug. 11, 2009) (construing Plaintiff's voluntary dismissal of federal claims as amendment under Rule 15 rather than Rule 41 because "[i]t is well-established . . . that Rule 41(a)(1) cannot be used to dismiss individual claims against Defendants"). Practically speaking, "there is little point in precluding Plaintiff from dropping claims he no longer wishes to pursue." *Lisker v. City of Los Angeles*, No. CV 09-09374, 2011 WL 3420665, at *2 (C.D. Cal. Aug. 4, 2011). As observed in *Lisker*, where the court granted the plaintiff leave to dismiss two claims from his complaint after expiration of the deadline to amend:

> Defendants cannot force Plaintiff to pursue at trial every cause of action pleaded in the complaint. This is made explicit in the Central District's pretrial procedures. Local Rule 16–2.8 provides that "[e]ach party shall disclose to every other party *which of the party's pleaded claims . . . the party plans to pursue . . . .*" Similarly, Local Rule 16–4.6 provides that the parties must file a pretrial Memorandum of Contentions of Fact and Law in which the parties "shall identify any pleaded claims ... which have been abandoned." If the Court denied Plaintiff's present motion to dismiss, Plaintiff could wait until the pretrial conference and announce that he has abandoned the two claims in question.

*Lisker*, 2011 WL 3420665, at *2 (emphasis in original).

For this reason, even where leave to amend is unavailable under Rule 16 or Rule 15, principles of judicial economy dictate that the Court consider whether Plaintiff's claim should nonetheless be dismissed by the Court *sua sponte*, as permitted by the Ninth Circuit's interpretation of Rule 41(b). *See Hells Canyon*, 403 F.3d at 689 (9th Cir. 2005) ("Unlike Rule 41(a), Rule 41(b) *does* distinguish between 'actions' and 'claims.' Therefore, the Forest Service appears to be on firmer footing in arguing that we *may* separately construe a dismissal of an individual claim as an involuntary dismissal under Rule 41(b). It is also true that, whereas the plain language of Rule 41(b) suggests that such dismissals may only result from a defendant's motion, and there was not such a motion in *HCPC I,* the consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."). The Court concludes that such dismissal is appropriate – Plaintiff's stated intent not to

pursue his claim under FLSA is tantamount to a failure to prosecute. *See* Fed. R. Civ. Proc. 41(b) (authorizing involuntary dismissal where plaintiff fails to prosecute); *see also, e.g., Kennedy v. Full Tilt Poker*, No. CV 09-07964, 2010 WL 3984749, at *3 and n.17 (C.D. Cal. Oct. 12, 2010) (dismissing plaintiff's federal claim under Rule 41(b) where plaintiff sought to voluntarily dismiss the claim but could not dismiss it under Rule 41(a) or Rule 15(a)). Accordingly, under Rule 41(b), the Court **DISMISSES WITH PREJUDICE** Plaintiff's FLSA claim.

### B. Supplemental Jurisdiction

Having dismissed Plaintiff's only federal claim, the Court now turns to whether it should exercise supplemental jurisdiction over Plaintiff's remaining state law claims. Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The Court may decline to exercise supplemental jurisdiction, however, if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Moreover, "[w]hen the single federal-law claim in the action [is] eliminated at an early stage of the litigation, the District Court ha[s] a powerful reason to choose not to continue to exercise jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988) *superseded by statute on other grounds as recognized in Fent v. Okla. Water Res. Bd.,* 235 F.3d 553, 557 (10th Cir. 2000); *see also Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) ("It is generally within a district court's discretion either to retain jurisdiction to adjudicate the pendent state claims or to remand them to state court."). "[T]he district court's decision to remand remains discretionary and is dependent upon what 'will best accommodate the values of economy, convenience, fairness, and comity.'" *Harrell*, 934 F.2d at 205 (quoting *Carnegie-Mellon*, 484 U.S. at 351). And "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon,* 484 U.S. at 350 n.7.

Here, contrary to Defendants' arguments, the record shows that neither the parties nor the Court has expended significant resources in the litigation of this matter to date. Plaintiff's Motion was the first filed in this action, and the parties have undertaken only minimal discovery and a single day of mediation. *See* Dkt. Nos. 17-19, 26-27; Opp. at 4. As a result, this case is still at an early stage, and retaining it in federal court would not

meaningfully advance the values of economy, convenience, or fairness.[2]  Indeed, because only state law claims remain, remand will likely best serve the interests of the parties and the state of California.  *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.") *superseded by statute on other grounds as stated in Berrios–Cintron v. Cordero*, 976 F. Supp. 110, 111 n. 2 (D.P.R. 1997).  The Court thus declines to exercise supplemental jurisdiction and **REMANDS** this action to state court.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **GRANTED**.  The Court **DISMISSES WITH PREJUDICE** Plaintiff's FLSA claim under Rule 41(b) and directs the clerk to **REMAND** this action to Los Angeles County Superior Court.

---

[2] There is also no indication that Plaintiff has engaged in unfair forum manipulation.  As held in *Baddie v. Berkeley Farms, Inc*., 64 F.3d 487, 491 (9th Cir.1995), *overruled on other grounds in Martin v. Franklin Capital Corp*., 546 U.S. 132 (2005), there is "nothing manipulative" about a plaintiff's "straight-forward tactical decision" to seek remand after a defendant has "reject[ed] the plaintiff's offer to litigate in state court."  Rather, a plaintiff's decision to dismiss his federal claim and seek remand "need not be discouraged unless there is reason to believe that the inclusion of the federal claims was to put the defendants through the removal-remand procedure."  *Moyles v. Johnson Controls, Inc.,* No. CIV. S05885, 2005 WL 1561519, at *2-4 (E.D. Cal. June 29, 2005) (citing *Baddie,* 64 F.3d at 490-91); *see also, e.g., Popov v. Countrywide Fin. Corp.,* No. CIV 09-2780, 2009 WL 5206679, at *3 (E.D. Cal. Dec. 18, 2009).  Defendant has failed to offer any evidence that Plaintiff alleged his federal claim and then sought remand solely to put Defendant through the paces of removal or that Plaintiff seeks remand to avoid an adverse ruling or otherwise forum shop.